# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICIA McCURDY,           )
                            )
        Plaintiff,      )
                            )
v.                          )
                            )  Case No. 11-1392-CM
COWLEY COUNTY DEVELOPMENTAL )
SERVICES, INC.,             )
                            )
        Defendant.     )
_____)

## MEMORANDUM AND ORDER

Plaintiff Patricia McCurdy once worked for defendant Cowley County Developmental Services, Inc. Defendant was a Kansas community developmental disability organization that determined eligibility for services and funding for persons with developmental disabilities. *See generally* Kan. Stat. Ann. § 39-1805. Plaintiff served as a Quality Assurance Manager for defendant. During her tenure, plaintiff raised a number of questions about the propriety of defendant's organizational procedures and practices. She wrote to the Kansas Attorney General for guidance and made complaints that led to an audit by Kansas Social and Rehabilitation Services. She also began digitally recording conversations and meetings while at the office. Eventually, after a dispute arose over whether plaintiff needed to turn over the recordings to defendant (and in what format), defendant terminated plaintiff's employment. Defendant claims the discharge was for "willful insubordination in tape recording [defendant's] staff in conversations and meetings." (Doc. 112 at 7.) Sometime after plaintiff's discharge, defendant lost its contract with Cowley County. Plaintiff now works for defendant's replacement.

Plaintiff brings this employment retaliation case, claiming that defendant discharged her for whistleblowing. Specifically, plaintiff claims that she was terminated in violation of the federal False Claims Act ("FCA"), 31 U.S.C. § 3730(h)(1); the Kansas False Claims Act, Kan. Stat. Ann. § 75-7506; and Kansas common law. Plaintiff also contends that defendant failed to pay her all wages due in violation of the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-315, and that defendant subjected her to negligent infliction of emotional distress. The case is before the court on Defendant's Motion for Summary Judgment (Doc. 111). Plaintiff concedes the validity of defendant's motion as to her negligent infliction of emotional distress claim, but otherwise maintains that her claims should go to trial.

The court has reviewed at length the briefs and the law governing this case. As required under the legal standards for summary judgment, the court has considered those facts that are uncontroverted and viewed them in the light most favorable to plaintiff.

First, the court considers plaintiff's claims under the federal and Kansas False Claims Acts. These statutes are similar and require that plaintiffs participate in protected activity to seek relief. *See United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1522 (10th Cir. 1996) (requiring protected activity for an FCA retaliation claim); Dan Lawrence & Steve Robison, *Introducing the Kansas False Claims Act: A Primer*, 79 J. Kan. Bar Ass'n 24, 25 (2010) (noting that the Kansas False Claims Act borrowed heavily from the FCA). Based on the facts and arguments presented, the court cannot determine—as a matter of law—that plaintiff failed to participate in protected activity under the federal or Kansas False Claims Acts. And there are genuine issues of material fact as to whether defendant had notice of any protected activity; whether plaintiff's protected activity caused her termination; and whether defendant's proffered legitimate reason for terminating plaintiff was pretextual. *See United States ex rel. Schweizer v. Oce N.V.*, 677 F.3d 1228, 1240–41

(D.C. Cir. 2012) (applying *McDonnell Douglas* burden-shifting framework to FCA retaliation claim); *Adler v. Contental Ins. Co.*, Civ. A. No. 95-2282-EEO, 1996 WL 677085, at *3 (D. Kan. Nov. 1, 1996) (identifying elements for FCA claim). For these reasons, summary judgment is not warranted on plaintiff's federal or Kansas False Claim Acts claims.

The court further finds that genuine issues of material fact preclude summary judgment on plaintiff's common law whistleblower claim. For this claim to survive summary judgment, plaintiff's reports of wrongdoing need not be specifically tied to fraudulent activity (as required for the FCA claims). A report of any "violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare" is sufficient, so long as a reasonably prudent person would have concluded that defendant's activities constituted a violation. *Palmer v. Brown*, 752 P.2d 685, 690 (Kan. 1988). Plaintiff's evidence—if believed— meets this standard. Genuine issues of material fact exist as to whether defendant had notice of plaintiff's reports and whether plaintiff's termination was in retaliation for making the reports. The court therefore denies summary judgment on this claim.

Next, the court turns to plaintiff's KWPA claim. Defendant contends that because plaintiff was on unpaid suspension for the time she seeks payment, defendant does not owe plaintiff wages as a matter of law. But plaintiff maintains that the suspension itself was unlawful. The court questions whether this is a valid application of the KWPA, but at this time, defendant has not met its burden of showing that the claim fails as a matter of law. The court is open to revisiting this issue upon dedicated briefing with legal citations. At this time, however, defendant is not entitled to summary judgment.

Finally, defendant raises an "after-acquired evidence" defense. Defendant's argument on this issue is as follows: Had defendant known that plaintiff—while working for defendant—was conspiring to have a different entity replace defendant, then defendant would have terminated

plaintiff's employment immediately. Defendant therefore claims that any damages suffered by plaintiff must be limited. Defendant may be able to show this defense applies at trial. But defendant did not support its argument with any evidence. The court therefore denies summary judgment on this defense.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 111) is denied in part and granted in part. The court grants summary judgment on plaintiff's claim for negligent infliction of emotional distress, but denies summary judgment on the remainder of plaintiff's claims.

Dated this 27th day of January, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**